## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KELLY BERTOLAZZI | \* |
| v. | Civil No. – JFM-15-2821 |
| HILTON WORLDWIDE, INC., ET AL. | \* |

## MEMORANDUM

Plaintiff tripped and fell on an inoperable escalator at the Baltimore Hilton. Discovery has been completed, and defendants have filed a motion for summary judgment. The motion will be granted.

The accident occurred on June 28, 2013. Plaintiff was a business invitee on the premises of defendants' business. It is not entirely clear when the escalator became inoperable. Plaintiff testified that she did not realize the escalator was not moving until she was on the steps. It appears, however, that the escalator had stopped at the time that plaintiff began her descent. The business records of defendants reflect that defendants were notified of the inoperable escalator at 6:35 pm and that the accident occurred at 6:40 pm. Defendants were in the process of cordoning off the escalator when it was observed that plaintiff was on it.

In order to maintain an action of negligence, a plaintiff must prove "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *BG&E v. Lane*, 338 Md. 34, 43, 656 A.2d 307, 311 (1995). In a premises liability case, the owner of the premises must take reasonable care to maintain the premises in a reasonably safe condition and give warning of latent or concealed

perils. *Mondawmin Corp. v. Kres*, 258 Md. 307, 315, 266 A.2d 8 (1970). The owner of the premises is not an insurer of the safety of his business invitees. *Honolulu Ltd. v. Cain*, 244 Md. 590, 595, 224 A.2d 433 (1966).

Although there is no Maryland case directly on point, courts from other jurisdictions have held that an inoperable escalator is not, in and of itself, a dangerous condition. *See Ugaz v. American Airlines, Inc.*, 576 F. Supp. 2nd 1354 (S.D. Fla. 2008); *Auguste v. Montgomery Ward and Co.*, 257 Ill. App. 3d, 865 (1993); *Adamo v. National R.R. Pass. Corp.*, 71 A.D. 3d 557 (2010). The theory underlying these cases is that a stationary escalator is akin to a staircase.

Plaintiff does not recall how the accident occurred. Nor are there any independent witnesses to the accident who can testify as to what occurred. Plaintiff cannot even recall whether she gripped the handrail. Under these circumstances, as argued by defendants, "[t]he only plausible explanation for the incident is that . . . [plaintiff] failed to act with due care by refraining from watching where she was walking." Moreover, assuming that the escalator was inoperable before plaintiff began to use it (which, as previously stated, the evidence suggests was true), she assumed any risk associated with descending an inoperable escalator.

A separate order granting defendants' motion for summary judgment is being entered herewith.

Date: 11/15/16

J. Frederick Motz
United States District Judge